[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 29 year old plaintiff husband and the 28 year old wife were married at Las Vegas, Nevada on May 20, 1986. They eloped. They both have resided in Connecticut for over one year prior to the commencement of this action which started by writ dated CT Page 2918 September 21, 1989. The defendant filed a cross-complaint on September 25, 1989. Both the complaint and the cross-complaint alleged an irretrievable breakdown of the marriage. Two children were born to the defendant since the date of the marriage, both issue of the marriage, to wit: Nicholas, born September 11, 1987 and Thomas, born June 22, 1990. Both children were full term and are healthy as are both parents.
The plaintiff testified that problems arose in the marriage after six months and the defendant testified problems began after one year.
The defendant, who was married previously, has custody of an eight year old child born of that marriage.
A great deal of testimony was elicited from plaintiff and his family members regarding the defendant's inability to keep a neat house. Suffice it to say that the plaintiff found these housekeeping conditions insufficient reason to leave home until he was arrested, and placed under a restraining order on April 16, 1989. He never returned to live with the plaintiff except for a two week period after the birth of Thomas to help the defendant get back on her feet. He has been residing with his parents.
The plaintiff is a glass installer employed by Waterbury Glass, which is a company owned and operated by plaintiff's father and Charles Marino, whose son, Charles, Jr. also works for the business. The company paid each son three monthly bonuses of $800 each and three monthly bonuses of $1,000 each for the months of February through August, 1990. The defendant urges the court to find that the bonus arrangement has continued. The court declines to so find for lack of evidence. The defendant also urges the court to find a pattern of cash payments to the plaintiff from his father. Again, the court declines for lack of proof.
The defendant is a hairdresser by occupation but is currently not working while caring for her three children. The defendant had worked during the marriage three days weekly except when her two pregnancies prevented her from working.
Having heard the witnesses and after reviewing all of the evidence, the court assesses both parties as equally responsible for the marriage breakdown.
The court enters a decree on the cross-complaint as amended dissolving the marriage on the ground of irretrievable breakdown. The complaint as amended is dismissed as moot. The following orders are entered.
1. Custody of the two minor children is awarded to the CT Page 2919 defendant and the plaintiff is awarded rights of reasonable visitation. The plaintiff shall give the defendant a day's notice if he does not intend to exercise a visitation.
2. The plaintiff shall pay to the defendant the sum of $97.50 weekly for each of the two minor children, based on his net disposable income of $474 and the defendant's zero income. A wage withholding order is issued per Section 52-362, Connecticut General Statutes.
3. The defendant shall provide medical insurance for the children as available through his place of employment. This order is subject to the provisions of Section 46b-84(c), Connecticut General Statutes. The parties shall divide equally any unpaid medical bills incurred for treatment of either child.
4. The plaintiff shall continue to maintain $200,000 of life insurance coverage on his life, naming the two children equal beneficiaries until both attain the age of majority. The plaintiff shall furnish the defendant with proof of the insurance and proof of premium payment on a current basis.
5. The defendant is awarded sole ownership of the 1988 Pontiac auto and she is ordered to assume the car loan balance and to hold the plaintiff harmless and indemnified. The plaintiff is ordered to sign any documents necessary to effect this transfer.
6. The real estate known as 37 Ruel Street, Waterbury, Connecticut is awarded to the defendant subject to the first mortgage. No assumption of mortgage is ordered.
7. The defendant is awarded the contents of the Ruel Street house.
8. The time-share condominium unit is awarded to the plaintiff as his sole property.
9. The plaintiff shall be solely responsible for the payment of the Visa charge account, and the J.C. Penney charge account as well as the auto bill listed on his affidavit.
10. The defendant shall be solely responsible for her student loan and the bill of Dr. Thomas Hallinan.
11. The plaintiff shall retain his I.R.A. account and the savings bonds as his sole property.
12. The defendant shall retain her savings account as her sole property. CT Page 2920
13. Each party will pay their own litigation expenses.
14. The plaintiff is ordered to pay to the defendant the sum of $65 weekly as periodic alimony, to terminate upon the defendant's remarriage, death or on April 1, 1993, which date is nonmodifiable as to term. The wage withholding order shall include the alimony order.
Counsel for the defendant shall prepare the judgment file.
HARRIGAN, J.